IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **COREY DEYON DUFFEY,** ) | |
| **ID # 37465-177,** ) | |
| Movant, ) | No. 3:20-CV-1686-B-BH |
| ) | No. 3:08-CR-167-B (1) |
| vs. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* received on June 24, 2020 (doc. 1), should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as an unauthorized successive motion.

**I. BACKGROUND**

On November 19, 2008, Corey Deyon Duffey ("Movant") and others were charged by superseding indictment with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (counts one, fourteen, fifteen, sixteen, twenty, twenty-four, twenty-eight, thirty-two, and thirty-six); bank robbery in violation of 18 U.S.C. § 2113 (a), (d) and § 2 (counts twenty-two, twenty-six, thirty, thirty-four, and thirty-eight); attempted bank robbery 18 U.S.C. § 2113 (a), (d) and § 2 (counts three and eighteen); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (C)(i) (counts two, four, seventeen, nineteen, twenty-one, twenty-three, twenty-five, twenty-seven, twenty-nine, thirty-one, thirty-three, thirty-five, thirty-seven, and thirty-nine); and being a felon in possession of a

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (count five). (*See* doc. 97.)[2] A jury found Movant guilty of counts one through five, and fourteen through thirty-nine. (*See* doc. 238). By judgment entered on February 3, 2010, Movant was sentenced to a total term of 4,253 months (354 years and 5 months) of imprisonment. (*See* doc. 314 at 2.)

After counts three, four, eighteen, and nineteen of his conviction were vacated on appeal, Movant was re-sentenced, on November 15, 2012, to a total term of 3,653 months' (304 years and 5 months) imprisonment. (*See* doc. 506 at 1-2.) His appeal of the amended judgment after re-sentencing was dismissed as frivolous. (*See* doc. 571.) Movant filed a motion to vacate his conviction under 28 U.S.C. § 2255 that was received on February 11, 2015. (*See* 3:15-CV-500-B-BH, doc. 2.) By judgment entered on January 17, 2018, his § 2255 motion was denied with prejudice. (*See id.*, docs. 23, 24, 25.) Movant's appeal of the denial of his § 2255 motion was dismissed by the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) for want of prosecution on March 7, 2018. (*See id.*, doc. 28.)

Movant now alleges that his sentences for counts two, seventeen, twenty-one, twenty-five, twenty-nine, thirty-three, and thirty-seven of his conviction are invalid under the U.S. Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* 3:20-CV-1686-B-BH, docs. 1, 2.) He contends that he timely filed a motion for authorization to file a successive § 2255 motion in the Fifth Circuit, but that he is also filing his § 2255 motion in this court in order to toll the limitations period while his motion for authorization is pending. (*See id.*, doc. 3 at 2.)[3]

---

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:08-CR-167-B(1).

[3] The "Motion for Authorization to file Successive Motion Under 28 U.S.C. § 2255," filed in the Fifth Circuit in Case No. 20-10644 on June 23, 2020, remains pending.

2

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez*, a movant is required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second

3

or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(c); *see also* 28 U.S.C. § 2255(h). To present a claim in a second or successive § 2255 application that was not presented in a prior application, the application must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Here, Movant's current § 2255 motion challenges the same sentences as in his prior motion to vacate. The Fifth Circuit has noted that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244." *Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009). "In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error—when the error arises after the underlying conviction—tend to be deemed non-successive." *Id.* Although he relies on a new rule of constitutional law, Movant's second challenge to his conviction is successive within the meaning of § 2255. *See United States v. Hill*, 623 F. App'x 200, 201 (5th Cir. 2015) (per curiam) (holding that a § 2255 motion that relied on two Supreme Court decisions that were announced after the movant was sentenced was nevertheless successive because the "alleged defects and the facts necessary to support the claims were known to Hill at trial and sentencing and prior to when he filed his initial § 2255 motion.").

As noted, the determination of whether the movant may file a successive petition "must be

4

made by a three-judge panel of a United States court of appeals before a motion is filed in district court." 28 U.S.C. § 2255(h); *see also United States v. Ornelas-Castro*, No. 3:07-CR-190-K, 2019 WL 6135156, at *2 (N.D. Tex. Nov. 18, 2019) (citing *United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language [§ 2255(h)], the determination of whether a new rule of constitutional law exists must be decided *by the courts of appeal* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)). Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction to consider Movant's new § 2255 motion, and it is subject to dismissal. *See Fulton*, 780 F.3d at 686.[4] "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### III. RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

---

[4] Citing *In re Lewis*, 484 F.3d 793, 796 (5th Cir. 2007), Movant contends that the Fifth Circuit has held "that simply filing a Motion for Authorization under Section 22444(b)(3), without filing the actual 2255 application in the district court, does not toll the AEDPA statute of limitations." (doc. 3 at 2.) In that case, the Fifth Circuit held that a motion for authorization to file a successive petition mailed on the filing deadline, but received by the clerk of court after the deadline, was untimely because mailing is generally not the equivalent of filing, and the application was not considered filed until it was placed in the possession of the clerk. 484 F.3d at 796. It did not address whether a motion for authorization to file a successive habeas petition tolls the limitations period. *See id.* Nevertheless, the Fifth Circuit has held that a motion for authorization does not toll the limitations period. *See Fierro v. Cockrell*, 294 F.3d 674, 680 (5th Cir. 2002); *Rollins v. Cain*, 470 F. App'x 276, 277 (5th Cir. 2012) (citing *Fierro*). Regardless, because the Fifth Circuit has not granted authorization, this Court lacks jurisdiction.

**SO RECOMMENDED on this 6th day of July, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE